UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY HADO,

                CIVIL CASE NO. 04-40357

        Plaintiff,

v.                      HONORABLE PAUL V. GADOLA
                         U.S. DISTRICT JUDGE

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

In this civil action, Plaintiff Kenny Hado seeks review of a denial of disability insurance benefits by the Commissioner of Social Security. Before the Court are the parties' cross motions for summary judgment and the Report and Recommendation of the Honorable Steven D. Pepe, United States Magistrate Judge. The Magistrate Judge recommends that this Court deny Plaintiff's motion for summary judgment and grant Defendant Commissioner's motion for summary judgment. Plaintiff filed objections to the Report and Recommendation. Defendant Commissioner did not file objections or respond to Plaintiff's objections. For the reasons stated below, the Court will overrule Plaintiff's objections and will accept the Report and Recommendation.

**I.**     **Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp.

2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part, that

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II.    Analysis**

Plaintiff objects to the Magistrate Judge's reliance on *Maziarz v. Secretary of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987) to conclude that the Administrative Law Judge's ("ALJ") hypothetical question posed to the vocational expert was sufficient, despite its omission of

Plaintiff's hand and arm impairments.  Plaintiff argues that *Ramirez v. Barnhart*, 372 F.3d 546 (3rd Cir. 2004) is a more appropriate case.  In *Ramirez*, the Third Circuit held that a hypothetical must include all of a claimant's impairments.  Nevertheless, *Ramirez* did recognize that not every impairment need be enumerated in a hypothetical:

> Of course, there may be a valid explanation for this omission from the ALJ's hypothetical. For example, the ALJ may have concluded that the deficiency in pace was so minimal or negligible that, even though Ramirez "often" suffered from this deficiency, it would not limit her ability to perform simple tasks under a production quota.

*Id.* at 555.  Furthermore, the Magistrate Judge's reasoning is not in error:

> A statement of claimant's abilities and limitations need not include an enumeration of every diagnosis or impairment. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). A hypothetical question is adequate if it accurately portrays a claimant's abilities and limitations. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

*Chandler v. Comm'r*, 124 Fed. Appx. 355, 359 (6th Cir. 2005).

Plaintiff also finds error with the Magistrate Judge's conclusion that the ALJ correctly considered the opinion of Plaintiff's treating physician, namely, that the ALJ did not need to defer to the opinion of Plaintiff's treating physician that Plaintiff was permanently disabled because that was a determination left to the discretion of the Commissioner.  *See* 20 C.F.R. § 404.1527(e)(1); *Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 800 (6th Cir. 2004).  Plaintiff claims that the Magistrate Judge erred by not recognizing that the the ALJ failed to consider all of the treating physician's diagnoses when determining that Plaintiff was not disabled.  Plaintiff states, "Only the diagnoses of hypertension, diabetes, kidney problems and 'disorders of the back' were listed as 'severe impairments'.  Nothing in the paragraphs immediately before the ALJ's residual functional capacity finding even mentions the cervical/lumbar radiculitis and/or the cervical/lumbar/thoracic

fibromyositis." Objs. at 4-5 (citations omitted).  This Court notes, however, that "cervical/lumbar radiculitis" and "cervical/lumbar/thoracic fibromyositis" are "disorders of the back."

**III.     Conclusion**

Consequently, after a de novo review of this matter, the Court finds that there is substantial evidence to support the ALJ's findings that Plaintiff was not entitled to disability insurance benefits.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 13] are **OVERRULED**, the Report and Recommendation [docket entry 12] is **ACCEPTED** and **ADOPTED** as the opinion of this Court, Plaintiff's motion for summary judgment [docket entry 7] is **DENIED**, and the Commissioner's motion for summary judgment [docket entry 11] is **GRANTED**.

**SO ORDERED.**

Dated:  March 22, 2006                                                         s/Paul V. Gadola
                                                                                               HONORABLE PAUL V. GADOLA
                                                                                               UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   March 23, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                              Janet L. Parker                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                William M. White                              .

                                                                                s/Ruth A. Brissaud
                                                                                Ruth A. Brissaud, Case Manager
                                                                                (810) 341-7845